1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL DEAN COOPER,                      No.  2:23-cv-1737 KJN P

12              Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   JENNIFER P. SHAFFER, et al.,

15              Defendants.

16

17        Plaintiff is a former state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        As discussed below, plaintiff's complaint should be dismissed without prejudice and

23   without leave to amend.

24   Screening Standards

25        The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

28   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

5   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

9   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

10  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

11  1227.

12       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

13  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

16  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

17  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

18  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

19  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

21  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

22  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

23  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

24  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

25  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

26  Plaintiff's Allegations

27       At the age of 22, plaintiff was incarcerated in 1986 for kidnapping for robbery after being

28  sentenced to life with the possibility of parole.  (ECF No. 1 at 2.)  Plaintiff received a series of

2

1 parole hearings, all of which were denied through 2018.  Plaintiff filed a petition for writ of

2 habeas corpus in the San Bernardino County Superior Court, which found plaintiff's incarceration

3 was disproportionate and ordered his release.  (Id. at 3.)  Parole was granted on March 6, 2020.

4 However, the Governor referred the case for full BPH review, and after further hearing, plaintiff's

5 parole was rescinded on November 13, 2020.  Plaintiff moved to reinstate his habeas corpus

6 action in state court, which was granted.  The state habeas petition was granted on September 17,

7 2021.  In re Michael Dean Cooper, No. WHCJS1900447 (San Bernardino Co. Sup. Ct.).[1]

8 "[H]aving been found to have served a constitutionally excessive punishment," plaintiff was

9 ordered to be released from custody on September 22, 2021.  Id.  (Sept. 22, 2021 Order.)

10         By this action, plaintiff seeks money damages for the period of time he claims he was

11 disproportionately incarcerated.  Plaintiff names as defendants the California Board of Parole

12 Hearings ("BPH"); Jennifer P. Schaffer, Executive Officer for the BPH; Michael Ruff, presiding

13 commissioner of the BPH; and Minerva De'la and Edward Taylor, both commissioners on the

14 BPH.

15 Discussion

16         As a threshold matter, the BPH is a state agency immune from damages suits under the

17 Eleventh Amendment.  See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985)

18 (Eleventh Amendment bars suits against states in federal court); Wolfe v. Strankman, 392 F.3d

19 358, 364 (9th Cir. 2004) (as applied to state agencies).  Thus, BPH commissioners are state

20 officers entitled to Eleventh Amendment immunity when acting in their official capacities.  See

21 Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in

22 his or her official capacity is not a suit against the official but rather is a suit against the official's

23 office.").  BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole

24 decisions, are absolutely immune from damages liability in their official capacities.  See Sellars v.

25 [1]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it

26 . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be
questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.
Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is

27 appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601
F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the Superior Court of

28 California, County of San Bernardino, is https://cap.sb-court.org.

3

1    Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v.

2    California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute

3    immunity for conduct independent of Board's decision-making authority, e.g., performing

4    investigatory or law enforcement functions).  Because parole board officials are entitled to

5    absolute immunity when rendering a parole decision, Sellars, 641 F.2d at 1302, and the

6    challenged conduct of defendant BPH officials herein is limited to their decisions impacting

7    plaintiff's parole, plaintiff fails to state a cognizable claim for damages relief against any of the

8    named defendants.

9         Further, plaintiff's claims do not support declaratory or injunctive relief against these

10   defendants or the BPH generally.  Plaintiff complains, inter alia, that the BPH defendants did not

11   fix a primary term proportionate to his culpability, and their 29-year serial denials demonstrated a

12   pattern and practice of refusing ISL prisoners primary terms as well as parole, subjecting him to

13   excessive punishment.  But plaintiff's arguments fail because the reasons for granting or denying

14   parole are within the sound discretion of the BPH.  See Cal. Penal Code § 3041(b)(1) ("The panel

15   or the board, sitting en banc, shall grant parole to an inmate unless it determines that the gravity

16   of the current convicted offense or offenses, or the timing and gravity of current or past convicted

17   offense or offenses, is such that consideration of the public safety requires a more lengthy period

18   of incarceration for this individual.").

19        For these reasons, plaintiff's claims for injunctive relief are also without merit.

20        Moreover, plaintiff's allegations against the BPH and its members would not support a

21   cognizable federal habeas claim.  Pursuant to the Supreme Court's decision in Swarthout v.

22   Cooke, 562 U.S. 216 (2011), federal courts may no longer undertake substantive federal habeas

23   review of state parole decisions.  Federal courts may not intervene in a BPH decision if minimum

24   procedural protections were provided, i.e., an opportunity to be heard and a statement of the

25   reasons why parole was denied.[2]  Id. at 219-20.  Substantive challenges to parole decisions are no

26   longer cognizable on federal habeas review.  See Roberts v. Hartley, 640 F.3d 1042, 1046 (9th

27

28   [2]  Plaintiff does not allege that he was denied an opportunity to be heard or was not provided a
     statement of reasons why parole was denied in a particular parole hearing.

4

1   Cir. 2011) ("A state's misapplication of its own laws does not provide a basis for granting a

2   federal writ of habeas corpus.").

3          Further, plaintiff's allegations that the refusal to grant parole rendered his sentence

4   excessive and disproportionate to his culpability in violation of the Eighth Amendment are also

5   not cognizable on federal habeas review.

6          "In conducting habeas review, a federal court is limited to deciding whether a conviction

7   violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62,

8   68 (1991) (citations omitted).  The undersigned is not aware of any clearly established federal law

9   supporting a theory that for inmates serving indeterminate life sentences continued confinement

10  following parole denials may violate the Eighth Amendment.  See, e.g., Tatum v. Chappell, 2015

11  WL 1383516, at *3 (C.D. Cal. Mar. 24, 2015) ("[N]o clearly established Supreme Court authority

12  holds that the denial of parole . . . to a prisoner who is serving an indeterminate life sentence

13  could render an otherwise constitutional sentence cruel and unusual punishment.").  To the

14  contrary, the United States Supreme Court has held that "[t]here is no constitutional or inherent

15  right of a convicted person to be conditionally released before the expiration of a valid sentence."

16  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also

17  Swarthout v. Cooke, 562 U.S. at 220 ("There is no right under the Federal Constitution to be

18  conditionally released before the expiration of a valid sentence.") (citation omitted).  Numerous

19  courts in the Ninth Circuit have rejected similar Eighth Amendment challenges as not cognizable.

20  See, e.g., Nguon v. Madden, 2023 WL 1806021, at *7 (S.D. Cal. Feb. 7, 2023) (finding no clearly

21  established federal law supporting prisoner's theory that an indeterminate life sentence,

22  constitutional when applied, becomes unconstitutional because a prisoner is denied an early

23  release by a parole board), report and recommendation adopted, 2023 WL 2573894 (S.D. Cal.

24  Mar. 20, 2023); Chavez v. Broomfield, 2022 WL 3720131, at *4 (C.D. Cal. July 28, 2022)

25  (finding there is no clearly established federal law supporting prisoner's theory that for inmates

26  serving indeterminate life sentences, continued confinement following parole denials may violate

27  the Eighth Amendment), report and recommendation adopted, 2022 WL 3717231 (C.D. Cal. Aug.

28  26, 2022), cert. appealability den., 2022 WL 21714151 (C.D. Cal. Aug. 26, 2022); see also

1    Cavalier v. Newsom, 2020 WL 7318118, at *10 n.10 (S.D. Cal. Dec. 11, 2020) ("No violation of

2    the Eighth Amendment occurs merely because a prisoner is determined unsuitable for release on

3    parole during the service of an otherwise valid indeterminate prison term."); Rose v. Swarthout,

4    2012 WL 2959909, *6 (E.D. Cal. July 12, 2012) ("Petitioner is serving an indeterminate life

5    sentence and no violation of the Eighth Amendment occurs merely because it is determined that

6    he is unsuitable for release on parole during the service of that prison term.").

7          Moreover, even if the Eighth Amendment were implicated, plaintiff could not demonstrate

8    an Eighth Amendment violation.  The Eighth Amendment's "Cruel and Unusual Punishments

9    Clause prohibits the imposition of inherently barbaric punishments under all circumstances."

10   Graham v. Florida, 560 U.S. 48, 59 (2010).  "For the most part, however, the [Supreme] Court's

11   precedents consider punishments challenged not as inherently barbaric but as disproportionate to

12   the crime."  Id.  The Eighth Amendment contains a "narrow" proportionality principle -- one that

13   "does not require strict proportionality between crime and sentence," and forbids only "extreme

14   sentences that are 'grossly disproportionate' to the crime."  Id. at 59-60.  "[O]utside the context of

15   capital punishment, successful challenges to the proportionality of particular sentences [will be]

16   exceedingly rare."  Solem v. Helm, 463 U.S. 277, 289-90 (1983); see also Crosby v. Schwartz,

17   678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality

18   principle are rare and extreme, and constitutional violations on that ground are 'only for the

19   extraordinary case'").  Only in such rare case where a comparison of the gravity of the offense

20   and the severity of the sentence leads to an inference of gross disproportionality does the court

21   compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the

22   same crime in other jurisdictions, to determine whether it is cruel and unusual punishment.

23   Graham, 560 U.S. at 60.  Thus, "the only relevant clearly established law amenable to the

24   'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle,

25   the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme'

26   case."  Lockyer v. Andrade, 538 U.S. 63, 73 (2003).

27   ////

28   ////

6

1    Here, plaintiff was sentenced to an indeterminate life sentence with the possibility of

2    parole for kidnapping for robbery.[3]  Kidnapping is considered a very serious offense under state

3    and federal law.  See, e.g., In re Maston, 33 Cal. App. 3d 559, 563, 109 Cal. Rptr. 164 (1973)

4    ("kidnapping is one of the most serious of all crimes" because "[b]y its very nature it involves

5    violence or forcible restraint"); Bates v. Johnston, 111 F.2d 966, 967 (9th Cir. 1940)

6    ("Kidnapping is a heinous offense.")  "A life sentence for kidnapping for robbery is not grossly

7    disproportionate."  Wheeler v. Gastelo, 2019 WL 3069172 (C.D. Cal. May 30, 2019) (collecting

8    cases), report and recommendation adopted, 2019 WL 3067588 (C.D. July 8, 2019).  While

9    plaintiff served a long sentence, such sentence "cannot be said to be more extreme or

10   disproportionate to the crime than sentences previously upheld under the Eighth Amendment."

11   Thanh Tran v. Terhune, 2000 WL 33287983, *8 (N.D. Cal. Sept. 18, 2000).[4]

12        In its release order, the state court did not rely on the Eighth Amendment, and cited In re

13   Palmer, 10 Cal. 5th 959, 980 (2021), finding plaintiff must be subject to parole supervision.  In

14   Palmer, the California Supreme Court recognized that a lawfully imposed indeterminate sentence

15   may become excessive under the California Constitution due to repeated denials of parole.  While

16   both the United States Constitution and the California Constitution protect against cruel and

17   unusual punishment, Palmer was decided solely under the California Constitution and not on

18   Eighth Amendment grounds.  See id. 10 Cal. 5th at 968 n.2; see also Hernandez v. Hill, 2022 WL

19

20   [3]  The state court's release order also notes that on December 15, 1989, plaintiff was convicted in
     Kern County of possession of a weapon by a prisoner (Cal. Penal Code § 4502) and sentenced to
21   a determinate term of two years and may also have suffered a conviction in Los Angeles County
     on April 1, 1987, for crimes that predated the kidnapping offense.  (Case No. WHCJS1900447
22   (Sept. 21, 2021 Order at 1-2).)

23   [4]  The United States Supreme Court has upheld similarly lengthy sentences for crimes less serious
     than plaintiff's kidnapping for robbery conviction.  See, e.g., Ewing v. California, 538 U.S. 11, 20
24   (2003) (upholding under the Eighth Amendment a sentence of 25 years-to-life for recidivist
     convicted of felony grand theft); Lockyer, 538 U.S. at 76 (upholding under the Eighth
25   Amendment two consecutive 25 year-to-life sentences with the possibility of parole imposed for
     two counts of petty theft with a prior conviction); Harmelin, 501 U.S. at 1004, 1009 (upholding
26   under the Eighth Amendment a sentence of life without the possibility of parole for first offense
     of possession of 672 grams of cocaine); Crosby, 678 F.3d at 784 (upholding state court's ruling
27   that a sex offender's sentence of 26 years to life under California's Three Strikes Law for failing
     to register within five days after moving did not violate the Eighth Amendment).
28

1    1063526, at \*4 (C.D. Cal. Feb. 10, 2022) (finding "any challenge to [p]etitioner's sentence under

2    <u>Palmer</u> is not cognizable on federal habeas review because such a claim would necessarily be

3    based only on a purported state-law error"), <u>report and recommendation adopted by</u> 2022 WL

4    1062057 (C.D. Cal. Apr. 8, 2022).  Because plaintiff is not entitled to relief under the Eighth

5    Amendment, plaintiff must seek relief, if at all, in state court.

6         For the above reasons, the undersigned finds that plaintiff's claims are substantively

7    without merit in addition to being brought against defendants who are immune from a suit for

8    damages.  The court is persuaded that based upon the circumstances plaintiff challenges, plaintiff

9    is unable to allege any facts that would state a cognizable claim.  Therefore, this action should be

10    dismissed without prejudice, but without leave to amend.  "A district court may deny leave to

11    amend when amendment would be futile."  <u>Hartmann v. Cal. Dep't of Corr. & Rehab.</u>, 707 F.3d

12    1114, 1130 (9th Cir. 2013); <u>accord</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts

13    are not required to grant leave to amend if a complaint lacks merit entirely.").

14         Accordingly, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's request for leave to proceed in forma pauperis is granted; and

16        2.  The Clerk of the Court is directed to assign a district judge to this case.

17         Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

18         These findings and recommendations are submitted to the United States District Judge

19    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20    after being served with these findings and recommendations, plaintiff may file written objections

21    with the court and serve a copy on all parties.  Such a document should be captioned "Objections

22    to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

23    objections within the specified time may waive the right to appeal the District Court's order.

24    <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25    Dated:  December 12, 2023

26

27    /coop1737.bph.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28